UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2019 JUL -2 P 12: 23

US DISTRICT COURT
BRIDGEPORT CT

3:19 mj 1039 (W16)

IN THE MATTER OF THE APPLICATION
OF THE UNITED STATES OF AMERICA
FOR AUTHORIZATION TO OBTAIN LOCATION
DATA CONCERNING A CELLULAR TELEPHONE
ASSIGNED CALL NUMBER (203) 559-2394

UNDER SEAL

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR A SEARCH WARRANT

Ryan Mensing, a Special Agent with the Drug Enforcement Administration, being duly

sworn, deposes and states:

### INTRODUCTION

1.      I am a "federal law enforcement officer" within the meaning of Federal Rule of

Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal

laws and duly authorized by the Attorney General to request a search warrant.   I am employed as

a Special Agent with the Drug Enforcement Administration and have been so employed since

August 2003.

2.      I am currently assigned to the Bridgeport High Intensity Drug Trafficking Area

Task Force (Task Force) which is comprised of personnel from the DEA, Bridgeport Police

Department, Norwalk Police Department, Stamford Police Department, Milford Police

Department, Stratford Police Department, and the Westport Police Department.   Prior to joining

the DEA, I was a police officer with the O'Fallon, Illinois police department for approximately

five years.   During the course of my career, I have participated in hundreds of criminal

investigations including investigations into suspected narcotics trafficking.   My participation in

these investigations has included coordinating controlled purchases of narcotics utilizing

confidential informants, cooperating witnesses and undercover law enforcement officers;

coordinating the execution of search and arrest warrants; conducting electronic and physical



surveillance; analyzing records related to narcotics trafficking; testifying in Grand Jury and

District Court proceedings; and interviewing individuals and other members of law enforcement

regarding the manner in which narcotics traffickers obtain, finance, store, manufacture, transport,

and distribute controlled substances.   Finally, I have participated in several investigations

involving the use of court authorized interception of wire communications.   My participation has

included acting as the case agent and assisting in the preparation of affidavits in support of

applications seeking authorization to intercept wire communications.

   3.  I submit this affidavit in support of an application for a warrant pursuant to Federal

Rule of Criminal Procedure 41 and 18 U.S.C. 2703(c)(1)(A), authorizing agents of the DEA and or

United States Marshal Service (USMS) to ascertain the physical location of the cellular telephone

assigned call number (203) 559-2394, utilized by Ronald Bethea and subscribed to in the name

Robert Smith with an address of 541 W. Main St. Stamford, CT. 06902, with service provided by

Sprint Nextel (the "TARGET TELEPHONE"), including but not limited to E-911 Phase II data (or

other precise location information) concerning the TARGET TELEPHONE (the "Requested

Information"),[1] for a period of thirty (30) days.

---

[1]Such information shall, where other information is unavailable, include records reflecting the tower and antenna face ("cell site") used by the TARGET TELEPHONE at the start and end of any call.   In requesting cell site information, the Government does not concede that such cell site records – routinely retained by wireless carriers as business records – may only be obtained via a warrant issued on probable cause.   *See In re Application*, 460 F. Supp. 2d 448 (S.D.N.Y. 2006) (authorizing prospective acquisition of cell-site records under combined authority of 18 U.S.C. 2703(d) & 3121 et seq.).



4.       I have personally participated in the investigation set forth below.   I am familiar with the facts and circumstances of the investigation through my personal participation as well as the following: (a) discussions with other agents of the Drug Enforcement Administration ("DEA") and other law enforcement; (b) information provided by witnesses involved in the investigation; and (c) my review of records and reports relating to the investigation.   Unless otherwise noted, wherever in this affidavit I assert that a statement was made, the information was provided by another law enforcement officer or witness who may have had either direct or hearsay knowledge of that statement and to whom I or others have spoken or whose reports I have read and reviewed. Such statements are among many statements made by others and are stated in substance and in part unless otherwise indicated.   Since this affidavit is being submitted for the limited purpose of securing an order authorizing the acquisition of the Requested Information, I have not included details of every aspect of the investigation.   Rather, I have included only that information that I think is necessary to establish the existence of probable cause.

5.       I believe that probable cause exists to believe that the Requested Information will constitute or lead to evidence of offenses involving conspiracy to distribute and to possess with intent to distribute cocaine, in violation of Title 21 United States Code, Sections 841(a)(1) and 846 (the "TARGET OFFENSES").

6.        For the reasons set out in this affidavit, there is probable cause to believe that the TARGET OFFENSES have been committed and are currently being committed by Ronald Bethea (hereinafter "Bethea").

## Background of the Investigation

7.       In the month of November, 2011, Members of the Stamford Police Department Narcotics and Organized Crime Unit began investigating the cocaine distribution organization of



Bethea.   During the investigation, law enforcement has utilized a Stamford Confidential

Informant (hereinafter "the CI"), who has stated that, as recently as February 2012, he believed

Bethea to be distributing "street" sale and wholesale quantities of cocaine in the Stamford area.

The CI further detailed that Bethea has utilized at least four other subjects to further distribute

cocaine in the Stamford area.   The CI stated that Bethea travels to New York City approximately

two to three times a week to purchase quantities of cocaine.   This cocaine is then distributed in

Connecticut by Bethea and members of his distribution organization.   The CI stated that Bethea

utilizes the TARGET TELEPHONE to direct and conduct his drug trafficking.

8.    A review of the call detail from the TARGET TELEPHONE showed that, from on

or about December 24, 2011 to on or about January 22, 2012, the TARGET TELEPHONE made

and received an aggregate of more than 1,800 calls.

9.    During the week ending December 17, 2011, the CI conducted a controlled

purchase of cocaine from Bethea in Stamford.   The CI contacted Bethea on the TARGET

TELEPHONE in the presence of law enforcement and negotiated a purchase of cocaine from

Bethea.   The CI was instructed by Bethea to meet at 58 Fairfield Ave., 2nd Floor, Stamford, CT.

The CI traveled to the location and purchased an amount of cocaine from Bethea.

10.    During the week ending December 30, 2011, the CI again conducted a controlled

purchase of cocaine from Bethea.   The CI contacted Bethea on the TARGET TELEPHONE in the

presence of law enforcement and negotiated this cocaine purchase.   Bethea instructed the CI to

travel to 182 Seaton Road, Apt. 4, Stamford, CT.   At the address, the CI met with Bethea and

purchased an amount of cocaine from Bethea.

11.    During the week ending January 28, 2012, the CI made a controlled purchase of

cocaine from Rodney Johnson (hereinafter "Johnson").   At first the CI contacted Bethea, in the

presence of law enforcement, on the TARGET TELEPHONE and attempted to purchase an amount of cocaine from Bethea.   Bethea instructed the CI to contact Johnson for the purchase of the cocaine.   The CI then contacted Johnson and negotiated the cocaine purchase.   The CI then met with Johnson at an address in Stamford and purchased an amount of cocaine.

12.     On or about January 31, 2012, Bethea was arrested in the Bronx, New York, for Possession with the Intent to Distribute narcotics in the Third, Fifth and Seventh degrees.

13.     Following Bethea's arrest, the CI again spoke to Bethea on the TARGET TELEPHONE.   Bethea explained that he has been released from jail on bond.

### AUTHORIZATION REQUEST

14.     Based on the foregoing, there is probable cause to believe that the Requested Information will lead to evidence regarding the activities described above.   Based upon all of the foregoing facts, as well as my training and experience, I believe that there is probable cause to believe that Ronald Bethea is currently utilizing the TARGET TELEPHONE, that the Requested Information will help agents locate the TARGET TELEPHONE and meaningfully direct physical surveillance efforts, and will, correspondingly, assist in the location and possible identification of Bethea's cocaine source of supply in New York.

15.     WHEREFORE, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. 2703(c)(1)(A), it is requested that the Court issue a warrant and Order authorizing agents of the DEA and the USMS to obtain the Requested Information for a period of thirty (30) days.

16.     IT IS FURTHER REQUESTED that the Court direct Sprint Nextel ("the Company") to assist agents of the DEA and the USMS by providing all information, facilities and technical assistance needed to ascertain the Requested Information, and further direct the Company, the service provider for the TARGET TELEPHONE, to initiate a signal to determine



the location of the TARGET TELEPHONE on the service provider's network or with such other

reference points as may be reasonably available and at such intervals and times as directed by the

law enforcement agent serving the proposed warrant, and to furnish the technical assistance

necessary to accomplish the acquisition unobtrusively and with a minimum of interference with

such services as that provider accords the user(s) of the TARGET TELEPHONE, for a period of

thirty (30) days.   Reasonable expenses incurred pursuant to this activity will be processed for

payment by the USMS.

17.    IT IS FURTHER REQUESTED that the Court authorize execution of the warrant

at any time of day or night, owing to the potential need to locate the TARGET TELEPHONE

outside of daytime hours.

18.    IT IS FURTHER REQUESTED that the warrant and this Affidavit, as it reveals an

ongoing investigation, be sealed until further order of the Court in order to avoid premature

disclosure of the investigation, guard against flight, and better ensure the safety of agents and

others, except that working copies may be served on Special Agents and other investigative and

law enforcement officers of the DEA and USMS, federally deputized state and local law

enforcement officers, and other government and contract personnel acting under the supervision of

such investigative or law enforcement officers, and the Company as necessary to effectuate the

Court's Order.

19.    IT IS FURTHER REQUESTED that, pursuant to 18 U.S.C. 3103a(b) and Federal

Rule of Criminal Procedure 41(f)(3), the Court authorize notice to be delayed for a period of 30

days after the termination of the monitoring period authorized by the warrant or any extensions

thereof, because there is reasonable cause to believe that providing immediate notification would

seriously jeopardize the investigation.

−4−

Ryan Mensing
Special Agent
Drug Enforcement Administration

Sworn to before me this _____3ᵈ_____ day of February 2012.

_____/s/_____
HONORABLE WILLIAM I. GARFINKEL
UNITED STATES MAGISTRATE JUDGE